**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-10318

(Summary Calendar)

_____

DALE ALLEN CARLILE,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 2:98-CV-341

_____

October 2, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Dale Allen Carlile, Texas prisoner # 822702, appeals from the district court's denial of relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on his 28 U.S.C. § 2254 application, in which he alleged that the State's failure to grant him sentence credit for the 267 days he was confined in a Substance Abuse Felony Punishment Facility (the "SAFPF") as a condition of his community supervision violated the Double Jeopardy Clause. A certificate of appealability was granted on two issues: (1) Whether Texas's community supervision scheme, as applied to Carlile, constitutes criminal punishment, and (2) whether the Texas community supervision scheme, if it entails criminal punishment, implicates the Double Jeopardy Clause on the facts of this case.

The State has filed a motion to supplement the record on appeal with records from the Potter County district court. Because the additional records provide a more complete picture of Carlile's state court proceedings, the motion is GRANTED.

It is unclear to us whether Carlile's confinement in the SAFPF constituted criminal punishment. Therefore, we proceed directly to the issue of whether the SAFPF program, if it entails criminal punishment, implicates the Double Jeopardy Clause on the facts of this case.

Imposing multiple punishments for the same offense does not necessarily violate double jeopardy. "That is because Congress (or a state legislature) determines the scope of the constitutional protection in the multiple punishments context. If the legislature intended to impose multiple punishments for the same offense, imposition of such sentences does not violate the Constitution." *United States v. Wittie*, 25 F.3d 250, 254 (5th Cir. 1994).

The Texas habeas court denied Carlile's petition to obtain credit for his period of confinement pursuant to Texas statutes. "[I]t is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Because in this matter the scope of double jeopardy protection is determined

by Texas statute, we need not review the Texas habeas court's interpretation of that statute. Furthermore, Carlile has failed to show that the Texas court's denial of relief was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court of the United States. *See Hill v. Johnson*, 210 F.3d 481, 484-85 (5th Cir. 2000)(discussing the level of deference federal courts owe to a state court's resolution of questions of law and mixed questions of law and fact).  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD ON APPEAL GRANTED.